IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PIERRE DEPREE HUSBAND,

                                                                       ORDER

                Plaintiff,

  v.                                                         07-cv-119-bbc

STATE OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PIERRE DEPREE HUSBAND,

                Plaintiff,

  v.                                                         07-cv-391-bbc

ANN TURNER and
DOROTHY DOHENY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Pierre Depree Husband has filed a letter asking the court to modify his obligation to make payment of his filing fees to allow only the fees for one case at a time to be taken from his inmate account from garnishment under 28 U.S.C. § 1915(b)(2). Because he has two cases, the institution is taking 20% of his income for each case for a total of 40% of his income. I will construe plaintiff's letter as a motion to reduce his monthly payments

1

of the unpaid balance of his filing fees, but I must deny it.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Using the formula described above, plaintiff is required to pay 40% of his monthly income until the remaining balances for each of his cases are paid in full. Court records reflect that plaintiff has an outstanding balance of $351.63. The statute governing the collection of fees in his case, 28 U.S.C. § 1915(b)(2) does not permit me to exempt any part of the plaintiff's income from withholding.

ORDER

IT IS ORDERED that plaintiff's motion to reduce the monthly payment of his

filing fees is DENIED.

Entered this 4th day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3